UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIDGET LEA HYLAND SAWYER, )<br>)<br>    *Plaintiff* )<br>)<br>**v.** )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security,*[1] )<br>)<br>    *Defendant* ) | *No. 1:12-cv-231-JAW* |

### REPORT AND RECOMMENDED DECISION[2]

In this Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge improperly evaluated her left knee impairment and the impact of obesity on the question of whether that impairment met the criteria of a listed impairment; that his evaluation of her credibility is not supported by substantial evidence; and that he did not properly evaluate the opinions of her treating sources. Because it fails to identify the functional effects of the plaintiff's obesity, I recommend that the commissioner's decision be vacated.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from left knee derangement, degenerative disc disease of the lumbar spine, mild carpal tunnel syndrome,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 15, 2013, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

obesity, anxiety, depression, and a personality disorder, impairments that were severe but which, considered individually or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Finding 2-3, Record at 19; that she retained the residual functional capacity ("RFC") to perform light work, except that she could walk or stand for 30 minutes at a time, up to four hours in an eight-hour workday, sit for a total of six hours in an eight-hour workday with one-to-two minute periods every hour to change position, occasionally push or pull no more than 10 pounds with the left lower extremity, occasionally climb ramps or stairs, balance, or stoop, execute basic tasks on a consistent schedule, interact with coworkers and supervisors on a one-to-one basis and in small groups, understand and remember basic instructions, adapt to minor changes and travel, but could not climb ropes, ladders or scaffolds, crouch, kneel, or crawl, handle vibratory tools or anything constantly, work on irregular terrain or around unprotected heights, work in public spaces, or interact with the general public, Finding 4, *id*. at 20; that she had no past relevant work, Finding 5, *id*. at 26; that, given her age (30 at the time of application, a younger individual), limited education, and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 6-9, *id*.; and that, therefore, she was not under a disability, as that term is defined in the Social Security Act, at any time from November 1, 2005, the date upon which the application was filed, to the date of the decision, August 24, 2010. *Id*. at 27. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

  The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary*

*of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work.  20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 3 of the sequential evaluation process, at which step a claimant bears the burden of proving that his or her impairment or combination of impairments meets or equals a listing.  20 C.F.R. §§ 404.1520(d), 416.920(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987).  To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings.  20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3).  To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a).

## I.  Discussion

### A.  Step 3 Issue

The plaintiff contends that the administrative law judge failed to address her testimony and reports to others concerning her ability to ambulate.  Statement of Specific Errors ("Itemized Statement") (ECF No. 10) at 1-5.  Her argument appears to be that the administrative law judge

should have found that her left knee derangement, with or without consideration of her obesity, met the criteria of Listing 1.02, Major dysfunction of a joint. *Id*. at 2.

On this issue, the administrative law judge said the following: "The claimant's knee impairment, along with obesity, has been evaluated under section 1.02.  While the claimant does have objective evidence of degenerative changes in her knee, she is able to ambulate effectively and without a limp.  Therefore, the requirements of section 1.02 are not met." Record at 19.

Listing 1.02 provides, in relevant part:

> *Major dysfunction of a joint(s) (due to any cause)*: Characterized by gross anatomical deformity (*e.g*., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).  With:
>     A. Involvement of one major peripheral weight-bearing joint (*i.e.*, hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b.

Listing 1.02.

The definition of inability to ambulate is found at Listing 1.00:

> (1)  *Definition*. Inability to ambulate effectively means an extreme limitation of the ability to walk: *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. . . .
> (2)  *To ambulate effectively*, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living.  They must have the ability to travel without companion assistance to and from a place of employment or school.  Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with

>the use of a single hand rail.  The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

Listing 1.00(B)(2)(b).

The plaintiff argues that she cannot ambulate effectively because, as she testified, "she has difficulty walking on inclines and stairs.  She has reported difficulty walking and/or instability in her left knee to health care providers and has been observed with a limp."  Itemized Statement at 4-5.  She goes on to assert, without citation to the record, that "[t]he evidence establishes that the Plaintiff has a gross anatomical deformity of the left knee with instability and chronic joint pain with evidence of bony destruction."  *Id*. at 5.  The administrative law judge does not mention this element of the Listing, however, so it is not at issue here.

Of the 24 pages of the record cited by the plaintiff in support of her argument that she has difficulty walking and/or instability in her left knee and has been observed with a limp, only three mention the need to use an assistive device in order to walk.  Record at 46-47, 76-77, 78-82, 455, 557, 564, 566, 595, 597, 646, 699, 710, 714, 737, 741, 748, 752, 755.  One is her own testimony in 2008 that "sometimes I had to use my crutches" during the period between the first and second surgeries on her left knee, which both took place "in less than a year."  *Id.* at 46.  She also testified at that time that she used an assistive device "such as a cane or crutches" "[w]hen needed."  *Id*. at 47.  She reported to a consulting physician on June 11, 2009, that she had crutches "that she uses intermittently."  *Id*. at 644, 646.  Intermittent use does not meet the definition of "inability to ambulate effectively" in the Listing.  *Cruz v. Astrue*, No. 07-CV-4658 (JG), 2008 WL 597194, at *8 (E.D.N.Y. Mar. 2, 2008) (occasional use of crutches does not constitute inability to ambulate effectively for purposes of Listing 1.02).  *See also Stubbs v.*

*Commissioner of Soc. Sec.*, No. 4:11CV01140, 2012 WL 1949346, at *11 (N.D. Ohio May 29, 2012) (same).

In addition, the plaintiff has cited no medical record prescribing the use of crutches for a period of more than 12 months, and neither the state-agency reviewing physicians nor the medical consultants who examined the plaintiff for the state disability agency suggested that the condition of her left knee met any listing.

At oral argument, the plaintiff's attorney conceded that the evidence would not support a finding that the plaintiff required the use of a hand-held assistive device in order to ambulate, but contended that the evidence did establish that she could not walk a block at a reasonable pace on rough or uneven surfaces, citing page 489 of the record. That page is a letter from Dr. Catherine A. Katz, a treating physician, to the plaintiff's representative stating, in possibly relevant part, that she "constantly runs the risk of falling and reinjuring the left knee." That general statement is insufficient to establish the specific requirement of the Listing that the plaintiff be unable to walk a block at a reasonable pace on rough or uneven surfaces.[3]

The plaintiff also argues that the administrative law judge was required to consider whether the condition of her left knee medically equaled the criteria of Listing 1.02, Itemized Statement at 5, but she does not suggest any specific evidence that she presented that would require a finding of medical equivalence. This argument is not sufficiently developed to serve as the basis for an order of remand. *See, e.g., Curtis v. Astrue*, Civil No. 09-24-P-S, 2009 WL 3632515, at *2 n.3 (D. Me. Oct. 30, 2009).

---

[3] The administrative law judge found that the plaintiff should "avoid irregular terrain," Record at 20, but that finding does not necessarily equate to inability to walk a block at a reasonable pace on rough or uneven surfaces. *See, e.g., Moreno v. Astrue*, 444 Fed. Appx. 163, 164 (9th Cir. 2011); *Blair v. Astrue*, No. CV 12-04500-OP, 2013 WL 327467, at *3 (C.D. Cal. Jan. 29, 2013).

### B. Obesity

The plaintiff next contends that she is entitled to remand because the administrative law judge "failed to evaluate the impact of obesity when determining [her] residual functional capacity." Itemized Statement at 6-7. She asserts that the administrative law judge failed to comply with Social Security Ruling 02-1p in this regard. *Id*.

The administrative law judge stated that he evaluated both the plaintiff's left knee and back impairments "along with obesity." Record at 19. He also noted that two treating physicians opined that the plaintiff was disabled by the severity of her left knee impairment "complicated by" or "along with" obesity. *Id*. at 24. He then set out his reasons for rejecting these conclusions. *Id*.

The plaintiff does not describe how the outcome of the administrative law judge's analysis would necessarily have been different if he had evaluated the impact of her obesity correctly, or even how that evaluation should have been done. Rather, she merely asserts that she is entitled to remand because "one cannot determine whether limitations [caused by obesity] were included in the RFC or whether the absence of limitations was harmless error." Itemized Statement at 7. Bearing in mind that the burden remains with the claimant at the stage of the process in which RFC is determined, I nonetheless cannot distinguish the opinion in this case from the one that was found so deficient as to require remand in *Kaylor v. Astrue*, No. 2:10-cv-33-GZS, 2010 WL 5776375, at *3 (D. Me. Dec. 30, 2010). The opinion in this case, like that in *Kaylor*, does not identify the functional effects of the plaintiff's obesity, which the administrative law judge found to be severe, making it "impossible to determine whether [he] incorporated them into [his] RFC determination or whether their absence, if any, from that determination was

harmless error." *Id.*; *see also Fothergill v. Astrue*, No. 2:11-cv-247-DBH, 2012 WL 1098444, at *3 (D. Me. Mar. 29, 2012).

Remand is indicated on this basis.

### C. Credibility

I will briefly address the other issues raised by the plaintiff in the interests of administrative and judicial economy.

The plaintiff takes issue with the administrative law judge's assessment of her credibility. Itemized Statement at 7-15. She presents her argument by suggesting possible interpretations of the evidence other than those made by the administrative law judge. The existence of other possible views does not make the administrative law judge's interpretation incorrect, nor does it require remand. The plaintiff has not established that the administrative law judge's assessment of her credibility was erroneous, and the only authority cited in support of her position (without a pinpoint citation), *Drew v. Astrue*, Civil No. 09-363-B-W, 2010 WL 1946335, at *4 (D. Me. May 12, 2010), is distinguishable. In that case, the administrative law judge expressly based his credibility finding on the absence of physical therapy, when records of the plaintiff's physical therapy were available to him. There is no such gap in this case.

### D. Treating Source Opinions

The plaintiff's final challenge to the administrative law judge's decision is an assertion that he did not "properly evaluate" the opinions of her primary care physician, Dr. Katz, and the surgeon who operated on her knee, Dr. MacDonald. Not surprisingly, she disagrees with the administrative law judge's rejection of those physicians' conclusions that she was completely disabled by her knee injury and obesity. She asserts, in conclusory fashion, that these opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and

are not inconsistent with the other substantial evidence in the record." Itemized Statement at 18-19.

Setting aside the well-established precept of Social Security law that the decision as to a claimant's disability is a decision reserved to the commissioner, the plaintiff's assertion is not an accurate reflection of the record.  The opinion that she is totally disabled is in fact quite inconsistent with the conclusions of Dr. Axelman, a consulting examining physician, and Dr. Stucki, a state-agency physician reviewer, Record at 459-66, 644-47, upon which the administrative law judge relied.  *Id*. at 25.  Nothing more was required.  The plaintiff takes nothing by this argument.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings in accordance with this recommended decision.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of March, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge